IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY DOLFI, Administrator | ) | |
| Of the Estate of Gaston B. Dolfi | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 10-1017 |
| | ) | |
| ZOLL MEDICAL CORPORATION t/d/b/a | ) | |
| ZOLL and ZOLL MEDICAL and ZOLL, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| CANONSBURG GENERAL HOSPITAL; | ) | |
| CANONSBURG GENERAL HOSPITAL | ) | |
| AMBULANCE SERVICE and | ) | |
| CANONSBURG AMBULANCE SERVICE | ) | |
| | ) | |
|     Additional Defendants. | ) | |

AMBROSE, District Judge

## OPINION
### and
## ORDER OF COURT

In January of 2008, Gaston Dolfi collapsed outside his residence. A neighbor called "911" and commenced CPR while awaiting the arrival of the Canonsburg Ambulance Service. The EMS was unable to utilize various pieces of its medical equipment and called for backup. Ultimately Gaston Dolfi was transferred to the Emergency Department of Canonsburg General Hospital where efforts to resuscitate him failed.

1

Plaintiff Dorothy Dolfi ("Dolfi"), the wife and Administrator of Gaston Dolfi's Estate, initiated two separate lawsuits based upon the events surrounding Gaston Dolfi's death. In a suit currently pending in the Court of Common Pleas of Washington County, Pennsylvania (Docket No. 2010-131) against Canonsburg General Hospital, Canonsburg General Hospital Ambulance Service, Canonsburg Ambulance Service, Johnathan C. Landis. M.D., Megan Wood, Desmond O'Donohoe, Eric Zaney, Terry Wiltrout and William Blair, Dolfi asserts various claims for wrongful death, vicarious liability and survival actions. Essentially, Dolfi contends that the "Auto Pulse Units" and defibrillator units the EMS crew had, failed to function properly and that such failure caused Gaston Dolfi's death. Dolfi charges the Defendants with, among other things, failing to insure that the pre-hospital care was both appropriate and timely in nature; with failing to insure that the equipment on the ambulance was properly inspected and maintained; with failing to insure that key lifesaving equipment such as defibrillators and Auto Pulse Units had readily available backup units on any ambulances dispatched; with failing to properly supervise and train personnel assigned to the ambulances dispatched; and with failing to insure that the dispatched crews knew the appropriate action to take when a cardiac arrest was suspected or had occurred and an equipment failure occurred.

Dolfi also initiated the current suit against Defendant Zoll Medical Corporation ("Zoll") – the manufacturer of the Auto Pulse Unit and the defibrillator. Though Dolfi commenced this suit in the Court of Common Pleas of Washington County as well, Zoll removed it to this Court. Dolfi asserts claims of strict liability against Zoll based in part upon the theory that Zoll failed to manufacture the Auto Pulse Unit and the defibrillator in an appropriate fashion; that Zoll failed to properly inspect the devices and that Zoll failed to include appropriate warnings and / or instructions in the event the units malfunctioned. Dolfi also asserts claims of negligence, wrongful death and survival actions based largely upon the same allegations.

Zoll has filed a Joinder Complaint against Additional Defendants Canonsburg General Hospital, Canonsburg General Hospital Ambulance Service and Canonsburg Ambulance

Service (the "Hospital Defendants"). See EFC Docket No. [14]. Zoll contends that, after reviewing the Complaint Dolfi filed against the Hospital Defendants in the Court of Common Pleas of Washington County, Pennsylvania, it concluded that the Hospital Defendants may be responsible for the injuries and losses that Dolfi also attributes to Zoll. Accordingly, Zoll asserts claims of negligence, gross negligence / willful misconduct, indemnity and contribution against the Hospital Defendants.

The Hospital Defendants have filed a Motion to Dismiss this Joinder Complaint. See ECF Docket No. [17]. The Motion is premised upon Zoll's failure to file a Certificate of Merit; the fact that the cause of action asserted in Count I does not meet the pleading requirement of 35 Pa. CSA § 8101, and the fact that Zoll inappropriately requested attorney's fees.

After careful consideration, and for the reasons set forth below, I find the Motion to be meritorious. Count I is dismissed without prejudice to file a Certificate of Merit. Count II is dismissed with prejudice and the request for attorney's fees is stricken.

## Standard of Review[1]

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, I must construe all allegations of the Complaint in the light most favorable to the plaintiff. I must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Worldcom , Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). However, as the Supreme Court made clear in Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a

---

[1] I note that Zoll uses the incorrect standard of review with respect to a Motion to Dismiss. As set forth above, it is no longer accurate to state that "'a complaint should not be dismissed for failure to state a claim unless it is beyond doubt that the [third party] plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" See ECF Docket No. [22], p. 4, citing Kanter v. Barella, 489 F.3d 170 (3d Cir. 2007) and Conley v. Gibson, 355 U.S. 41 (1957).

right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

(internal citations, footnotes and quotation marks omitted). See also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 1008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court held, "… a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).

In Iqbal, the Court specifically highlighted the two principals which formed the basis of the Twombly decision. First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. See also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Id. at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Id., citing, F.R.Civ. P. 8(a)(2).

Analysis

I. Counts I and II - Certificate of Merit

The Hospital Defendants contend that the negligence claims Zoll asserts in Counts I and II sound in medical malpractice and, accordingly, Zoll must file a Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a) in order to proceed.[2] Rule 1042.3(a) provides:

---

[2] It is undisputed that Pennsylvania federal courts treat the Certificate of Merit rule as a rule of substantive law when they are sitting in diversity. See Weaver v. UPMC, Civ. No. 8-411, 2008 WL 2942139 at * 4 (W.D. Pa. July 30, 2008) and Velazquez v. UPMC Bedford Memorial Hospital, 328 F. Supp.2d 549 (W.D. Pa. 2004).

4

> In any action based upon the allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff … shall file … a certificate of merit … that either
> (1) An appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) The claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals from whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R.C.P. 1042.3(a).

Zoll urges that the Rule does not merit dismissal in this context. Zoll points to Pa.R.C.P. 1042.3(c)(2), in support of this contention, which provides that:

> [a] defendant or additional defendant who has joined a licensed professional need not file a certificate of merit unless the joinder or cross claim is based on acts of negligence that are unrelated to the acts of negligence that are the basis for the claim against the joining or cross-claiming party.

Pa. R.C.P. 1042.3(c)(2). Zoll reasons that the negligence claims in the Dolfi Complaint and in the Joinder Complaint "are based upon the same incident and alleged resultant negligent acts" and thus concludes that Rule 1042.3(c)(2) is applicable.

I disagree. Certainly, both Complaints have their genesis in the same incident – the unfortunate death of Gaston Dolfi. Yet the specific "acts of negligence" allegedly committed by the various parties are unrelated. The acts of negligence attributed to Zoll have their basis in design and manufacturing defects. There are no allegations of professional malpractice and indeed – no need for the inclusion of a Certificate of Merit. In contrast, the allegations in the Joinder Complaint asserted against the Hospital Defendants are ones rooted in professional malpractice. These claims do require a Certificate of Merit. Different experts would be required in order to prove and / or disprove liability on the part of Zoll and on the part of the Hospital Defendants. *Compare* SEPTA v. AECOM USA, Inc., Civ. No. 10-117, 2010 WL 4703533 at * 5-

5

6 (E.D. Pa. Nov. 19, 2010 (stating that both complaints allege that SEPTA was injured as a result of design deficiencies and that the only real difference between the complaints was attribution of the negligent acts). See also, Supervalu, Inc. v. Construction Engineering Consultants, Inc., 2004 WL 1570079 at * (Pa. Com. Pl. April 8, 2004) (stating that under Rule 1042.3(2)(c) "acts of negligence are not related if they involve different activities and if different expert testimony is required for the defendant to establish its professional negligence claim against the additional defendant.").

Consequently, the Hospital Defendants' Motion to Dismiss Counts I and II is granted. However, dismissal will be held in abeyance for 30 days from the date of this Order. If a Certificate of Merit is not filed within that timeframe, the claims will be dismissed with prejudice.

II.     Count I – Negligence

In Count I, Zoll contends that the Hospital Defendants were negligent. The Hospital Defendants counter that under the recently enacted Emergency Medical Services System Act ("EMSS"), 35 Pa.C.S.A. § 8101 et seq, civil liability will not attach absent a showing of gross negligence or willful misconduct. Because the allegations set forth in Count I do not rise to this level, the Hospital Defendants reason, dismissal is warranted. I agree.

Section 8151 of Title 35, which is entitled "Limitations on Liability," provides:

(1) No medical command physician, medical command facility medical director or medical command facility,[3] which in good faith provides a medical command to an EMS provider … shall be liable for civil damages as a result of issuing the instruction, absent a showing of gross negligence or willful misconduct.
(2) No EMS agency,[4] EMS agency medical director or EMS provider who in good faith attempts to render or facilitate emergency medical care authorized by this chapter shall be liable for civil damages as a result of an act or omission, absent a showing of gross negligence or willful misconduct… .

---

[3] The statute defines a "medical command facility" as "[a] distinct unit which contains the necessary equipment and personnel for providing medical command to and control over emergency medical services providers." 35 Pa.C.S.A.§ 8103.
[4] The definition section of the statute defines "Emergency medical services agency" or "EMS agency" as an entity that provides medical services by operating an ambulance, and advanced life support squad vehicle, a basic life support vehicle and a quick response service. See 35 Pa.C.S.A. § 8103.

6

35 Pa.C.S.A. § 8151. I agree with the Hospital Defendants that the allegations in the Joinder Complaint against Canonsburg General Hospital appear to be for actions taken in its capacity as a "medical command facility." See ECF Docket No. [14], ¶ 9 (stating that "Canonsburg General Hospital provides medical command to the Canonsburg General Hospital Ambulance Service… ."). I further agree with the Hospital Defendants that the allegations directed at Canonsburg General Hospital Ambulance Service and Canonsburg Ambulance Service appear to be for actions taken in their capacity as an emergency medical service agency or EMS agency. Id., ¶ 10. Consequently, the Hospital Defendants fall squarely within the definitions of 35 Pa.C.S.A. § 8151 and are entitled to the limitations provided therein on liability.

Zoll's citation to Regester v. County of Chester et al, 797 A.2d 898 (Pa. 2002) in attempt to avoid this conclusion is unpersuasive. In Regester, the court found that, though emergency medical services personnel could not be liable for civil damages absent gross or willful negligence, such limitations on liability did not extend to institutional entities such as hospitals. Contrary to Zoll's insistence, however, the Regester decision is not instructive here because that decision was premised upon a prior statute – the Emergency Medical Services Act ("EMSA"), 35 Pa.C.S.A. §6921et seq. The language used in the EMSA differs from that used in the EMSS significantly. The EMSA grants a limitation on liability only to individuals:

> No first responder, emergency medical technician or EMT – paramedic or health provider who in good faith attempts to render or facilitate emergency medical care authorized by this act shall be liable for civil damages as a result of any acts or omissions, unless guilty of gross negligence. This provision shall apply to students enrolled in approved courses of instruction and supervised pursuant to rules and regulations.

35 Pa.C.S.A. § 6931(j)(2). In contrast, the EMSS, which governs the case at hand, explicitly provides for limitation of liability for both individuals and institutions. Consequently, Zoll's citation to Regester and its contention that the Court must consider the EMSA given the dearth of case law construing the newly-enacted EMSS, is misplaced.

The Motion to Dismiss Count I is granted, with prejudice. The dismissal is with prejudice because Zoll's Joinder Complaint already includes a claim asserting gross negligence against the Hospital Defendants. Therefore, granting Zoll leave to amend would be meaningless.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY DOLFI, Administrator | ) | |
| Of the Estate of Gaston B. Dolfi | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 10-1017 |
| | ) | |
| ZOLL MEDICAL CORPORATION t/d/b/a | ) | |
| ZOLL and ZOLL MEDICAL and ZOLL, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| CANONSBURG GENERAL HOSPITAL; | ) | |
| CANONSBURG GENERAL HOSPITAL | ) | |
| AMBULANCE SERVICE and | ) | |
| CANONSBURG AMBULANCE SERVICE | ) | |
| | ) | |
|     Additional Defendants. | ) | |

AMBROSE, District Judge

ORDER OF COURT

AND NOW, this 7th day of April, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (ECF Docket No. [17] is GRANTED as follows:

    (1) The claim asserted in Count I for negligence is dismissed, with prejudice, for failure to meet the pleading requirements of the Emergency Medical Services System, 35 Pa.C.S.A. § 8101 et seq.;

(2) The claim asserted in Count II for gross negligence / willful misconduct is dismissed though the dismissal will be held in abeyance for a period of 30 days of the date of this Order. If a Certificate of Merit is not filed within that period of time, the dismissal will be effectuated.

(3) Zoll's demand for attorney's fees is stricken from the Joinder Complaint given Zoll's acknowledgment that its inclusion was inappropriate.

By the Court:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court